The fourth district appellate court of the state of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning. This is case number 4-2-2-0-2-1-3. People v. Ballard. Would counsel for appellate please identify yourself. Mariah Shaver on behalf of Douglas Ballard. Okay. And counsel for the appellate would you please state your name for the record. David Mitchell on behalf of the state. Excellent. Ms. Shaver you may proceed. Proceed I'm sorry with your argument. Thank you your honor. May it please the court. Counsel. Good morning. On behalf of the office of the state appellate defender my name is Mariah Shaver and I represent Douglas Ballard. As a preliminary matter I need to correct an error in my briefs. I cited subsection A of the resisting and obstructing statute but Mr. Ballard was charged under subsection A-7 which adds an element where the arresting officer is injured. We're not contesting the officer farmer was scratched during the incident so this doesn't impact the arguments but I did want to clarify and apologize for the oversight. Moving on to the merits of the case the resolution of both arguments hinges on the fact that Mr. Ballard was confused and disoriented at the time of his arrest. Due to Mr. Ballard's mental state he did not act knowingly or appreciate the facts that provide necessary context for reviewing the issues in this case. This all started because Mr. Ballard had strange and irrational behavior in a parking lot and that caused concern about his mental state. He was standing on one leg yelling about the position of signs on the building and was not responsive to Mr. Davis. When Mr. Ballard left instead of walking to the street he went over a retaining wall. Despite the fact that officer Amador was marked squad car and in uniform Mr. Ballard did not believe she was a police officer. He also walked into heavy traffic. After his arrest Mr. Ballard continually questioned whether the officers involved in this case were real officers. He repeatedly did not know why he was arrested. He frequently became agitated and belligerent and expressed distrust in the system. He also did not recognize his attorney even after meeting with him earlier the same day and believed counsel changed his appearance including his height. Mr. Ballard's behavior prompted counsel to request a mental health evaluation and later a fitness evaluation. Mr. Ballard was found unfit and was not restored to fitness over the following 16 months. The fitness reports indicated he might be schizophrenic and that he talked to himself. Mr. Ballard also had a number of fixed delusional beliefs including that he could make bodies disappear by blinking. These facts all show that Mr. Ballard did not know or understand what was not knowingly obstruct officer farmer's office. Excuse me counsel I need to stop you there and ask you how do those factors show he did not know or understand because someone is mentally ill doesn't necessarily mean that does it? Your honor not necessarily but here based on how disoriented Mr. Ballard seemed it does show that he did not understand what was happening. He was unable to respond to Mr. Davis's questions and Mr. Davis was trying to discuss with him why he was upset about the signs on the building. He thought the Navy and I think Army signs were were not on the correct sides of each other. He was standing on one leg and spitting on the ground and when he was talking with Mr. Davis it didn't sound like Mr. Davis thought he was talking to him. He was saying why are you doing this meaning kind of the broad general view not you Mr. Davis when he was upset about the signs. This is behavior of someone that is unable to process what is happening and that conduct continued when he was stopped by officer Amador. Officer Amador stopped him he was just walking down the street and said she was investigating a trespassing complaint. Mr. Ballard backed away from her into traffic. He told her he didn't think she was a real officer even though she was wearing a uniform and in a marked squad car and I believe she'd activated her emergency lights during the stop. This all shows that Mr. Ballard just didn't have the capacity at that time to understand what was really happening around him. But if we focus on we have to look at the various elements here of the crime with which he's charged. We're not talking about criminal trespass right we're talking about the crime involved with the police officer and your contention is that the defendant did not know that officer Farmer was a police officer is that correct? Is that what I thought it was. All right but yet we know that she wore a uniform she had a marked squad when she told him that she was he did respond did he not with something like oh Rockford let's go to the station so that would indicate that certainly he recognized that this was a police officer saying this and certainly by walking away the inference could be drawn that by the fact finder that he just didn't want to comply with the order he was given. Isn't that possible? Your honor a couple thoughts on that. First he didn't have any obligation to comply with her initial request that he participate in her investigation. Second we know from other parts of the record that his ability to be lucid and understand kind of comes and goes. If we look to the fitness evaluation he was able to joke with the evaluator and have some lucid discussions while also talking about being able to blink to make bodies disappear and saying that he was a supreme court judge who I believe Gerald C Lint which is obviously not Mr. Ballard's actual name and in that conversation said something just nonsensical about that he was as the judge waiting downstairs for the person that he was in the room with to arrest him. So while he was able to have some lucid thoughts and recognize some things that doesn't mean that he fully understood. While he did say oh Rockford after telling officer Amador that he did not think she was a real police officer we know that he had a fixed delusional belief that none of the officers involved in this incident were real officers. He at his initial court appearance says he asked about officer Farmer's credentials. He later says he doesn't think the police were real cops on the record and he does continue to have those fixed delusional beliefs in the fitness evaluation and in the 90-day reports those things continue. So even if he did have a moment of lucidity where he recognized that officer Amador was an officer when he starts to not that he's purposefully walking away it's more of a backing away and I believe when officer Farmer arrived he described Mr. Ballard as backing away from officer Amador. So I think that shows that even if he did briefly recognize that she was an officer he still wasn't confident that that she didn't mean him harm. He's backing away from her into traffic which suggests that he's just not really understanding the situation rather than willfully choosing not to comply. Counsel don't we view all this evidence though in a light favorable to the prosecution? We do your honor but I think the the inferences from his conduct overall that afternoon are so strong that it just does show that he the state did not prove that he knew what he was doing that afternoon. The state had to prove that he knowingly obstructed officer Farmer's efforts to arrest him but I think the record shows that he didn't understand he was being arrested. Officer Amador stopped him while he was just walking down the street and said she was just investigating a trespassing complaint. This happened about a mile away from the American Legion building so this was probably about 15 minutes after he had left that parking lot. Objectively someone in his shoes at that point wouldn't would be thinking all I did was stand in a parking lot for a few minutes. I told the police I was told the police would be called if I didn't leave but nobody said anything about trespassing and I did leave so there's no reason anyone would call the police about me. I'm sorry officer I don't know what you're investigating but I don't think it involved me and then after he decided he didn't want to be involved in her investigation he continued on his way. He was told to stop but no one told him he was under arrest at any point before he was tackled and so at that moment when he was being when the officers are trying to take him into custody a person in a nor a reasonable person in his shoes would know that they had left the was never told they were under arrest and would not know they were being arrested for trespassing at that time. So Mr. Ballard could not knowingly have obstructed an arrest he didn't know was taking place and then subjectively because Mr. Ballard was not able to recognize that the officers were actual police officers he did not knowingly obstruct a peace officer. Mr. Ballard apparently felt so threatened by the people he thought were pretending to be police officers that he literally backed into traffic to try to get away from them. Not because he was avoiding being arrested he didn't have any idea that was happening but because the busy street apparently felt safer to him than the threat of the people that were that were closing in on him. And when those people tackled him they were trying to pull his arms behind his back and he reflexively was trying not to be overpowered by something he perceived as a threat. He tried so hard to save himself that he ended up with injuries severe enough he had to be taken to the hospital and when he was brought into booking he had bruising and abrasions on his face and a laceration that was glued shut because he refused to have it stitched. So Mr. Ballard could not knowingly have obstructed a peace officer because he did not know the people trying to handcuff him were really officers. A person cannot knowingly resist an arrest he doesn't know is taking place. Because Mr. Ballard did not understand he was being placed under arrest or that the person who was trying to arrest him was a peace officer he did not knowingly obstruct officer farmer's attempt to arrest him. Well counsel most people don't carry around handcuffs unless they're police officer you would agree with that wouldn't you? Yes your honor but by the time the handcuffs were out Mr. Ballard would have been face down on the ground with officer farmer holding his head I think he called it a head prep where he's basically using both hands to push the head down kind of like it's a football and so he wouldn't see that they had handcuffs out. All he saw before they tackled him are four people approaching him and yelling at him and I believe officer farmer said he was yelling back. So he's confused he's disoriented and I don't think especially based on his comment that he had made to officer Amador that he understood that these were actually police officers. Additionally even if Mr. Ballard did knowingly obstruct an arrest officer farmer was not authorized to make that arrest because he had no basis to think that Mr. Ballard had committed a crime. The officers were investigating. Why would that have mattered? Your honor one of the elements of resisting or obstructing as it was charged in this case is that the officer was performing an authorized act. So if officer Ballard did not think that Mr. if officer farmer did not think that Mr. Ballard had had committed a crime he would have no authorization to place him under arrest. Well but that wouldn't matter with regard to what the defendant did or didn't do isn't that correct based on 720 ILCS 7-7? Your honor 7-7 only applies um in a in a section 31-1 context to an actual lawful arrest. A person can resist under 7-7 in this context something that is not an arrest or an unlawful arrest or I apologize your honor an unlawful arrest they cannot resist but an unlawful terry stop they can resist and at the time officer farmer didn't have reasonable suspicion nor did officer Amador based on officer farmer's knowledge that's imputed to her there was no reasonable suspicion that Mr. Ballard was committing a crime for them to be trying to arrest him for. So for Mr. Ballard to have committed trespass to land under the facts of this case he would have to either have stayed in the parking lot after receiving notice to depart or left and then come back after receiving that notice. Mr. Ballard ultimately left the parking lot after he was asked to go and he did not return so there was no reason for officer farmer to believe a trespassing offense had occurred and he was then not authorized to arrest Mr. Ballard for trespassing. So the state was unable to prove that element and notably either the grand jury or the state recognized that Mr. Ballard was not trespassing because he was only ever indicted on the obstructing charge. The state argues that officer farmer counsel I want to go back for just a minute doesn't this lock in the Illinois Supreme Court case tell us that when we read 7-7 with 31-1 it means that an unlawful arrest is considered an act but here sorry tell me your point again I apologize I apologize Erin I think I wasn't very clear and I think I'm confusing the issues myself. While you cannot resist an unlawful arrest here officer Amador was not conducting an arrest they never told Mr. Ballard he was under arrest so again I apologize Erin I am confusing the issues here Mr. Ballard officer farmer did not have reasonable suspicion to arrest or to detain or seize Mr. Ballard so Mr. Ballard then chose not to participate in the investigation when officer Amador then told Mr. Ballard to stop she was trying to conduct a Terry stop but she was not allowed it was an unlawful stop so Mr. Ballard was then allowed to ignore the unauthorized Terry stop so even if there had been reasonable suspicion Mr. Ballard didn't commit the offense of resisting officer Amador because he was only prohibited from resisting an arrest whether it was lawful or not and she was not facing him under arrest then when officer farmer arrived they still don't have reasonable suspicion or probable cause to be arresting him I'm sorry I don't recall reading about Terry steps in your brief but anyway I have another question maybe let's leave this point for a minute um in your argument this morning you've used terms such as lucid confused confident um but it is correct is it not that somebody can be mentally ill and fit isn't that correct yes your honor and someone can be unfit but not mentally ill isn't that correct yes your honor and that insanity is a totally different concept isn't that correct correct your honor so I'm not sure what you mean when you're talking about he was lucid he wasn't lucid at one point I believe he was diagnosed with mental illness but how does that figure into what actually occurred on the date in question and when we look at his actions yes your honor these factors all tie together to show what Mr. Ballard knew or was able to appreciate at the time of the incident so on the one hand we can look at his actions to discuss what he knew was happening and if he was able to knowingly obstruct a peace officer on the other hand in the insanity field we look at whether or not he was able to appreciate the criminality of his conduct so while some some of the factors overlap they point to both things for example the observations made by Mr. Davis and the officers about Mr. Ballard's actions on the day of the incident the yelling about the sign standing on the leg spitting climbing over retaining wall instead of just walking to the street and then combining that information with his comments in court and his behavior in court about thinking his attorney had changed his height that day things like that and then his comments during the fitness evaluation they all show that he was delusional that he had fixed delusions and there are signs that he was experiencing those minutes of his arrest he was yelling at the signs was unable to answer Mr. Davis was apparently talking to an imagined person someone described so when we look at those things they go to whether he knowingly was able to to act at all on the date of the offense and then when we're looking in the context of being able to appreciate his criminality those are all factors while we don't have due to failure to ask for it we don't have an insanity evaluation in this case but this evidence all suggests that insanity defense very well may have been available because Mr. Ballard did there's evidence in the record suggesting that he did not have the ability to appreciate the criminality of his conduct at that time and that brings us to my second argument that failing to investigate insanity defense um here was not part of a reasonable strategy strategy we know in counsel's motion to reconsider that she alleged that the court failed to consider Mr. Ballard's mental state after hearing evidence that Mr. Ballard did not believe officer Amador was a real officer and that he was acting strangely at the hearing on the motion to reconsider counsel recognized she did not strongly argue that point at the discharge hearing but argued that Mr. Ballard may have been delusional and may not have knowingly resisted because counsel ultimately argued that Mr. Ballard may have been delusional and that this prevented him from acting knowingly counsel essentially argued that Mr. Ballard did not appreciate the criminality of his conduct and was effectively asking the court to find him not guilty by reason of insanity and presenting an argument consistent with an insanity defense without properly preparing or raising it can't be part of a reasonable strategy and second Mr. Ballard was prejudiced by counsel's deficient conduct there is a reasonable probability that Mr. Ballard would have been found not guilty by reason of insanity defense been presented where counsel fails to subject the state's case to meaningful adversarial testing the process is presumptively unreliable and prejudice can be presumed here counsel's failure to present evidence during the discharge hearing that established that Mr. Ballard had these fixed delusional beliefs and ongoing concerns that the officers weren't real would have provided the court with critical insight into Mr. Ballard's ability to appreciate the criminality of his conduct at the time of the arrest and failing to present that evidence supporting that defense denied the court the opportunity to consider it and denying counsel's motion to reconsider which raised the equivalent of an insanity argument the court found it that it did not have any evidence to support the argument that it was probable that Mr. Ballard was delusional though that may have been the case and even if this court does not find that counsel's deficient representation because how how was he how was he prejudiced your honor had the defense been presented it is likely that the court would have granted it and then Mr. Ballard and then what and then Mr. Ballard would have been acquitted and he would not have been subjected to confinement further treatment or the potential for a criminal trial if he's restored to fitness i'm sorry if he's acquit if he's acquitted based on insanity what happens if he would have been acquitted if he would have been found and not guilty by reason of insanity then he would not have been suggested to further confinement further treatment or to potential criminal trial if he is restored to fitness at some point so what does the statute provide happens uh if he's found not at that point um he would be free to go the state could there is a provision in the statute that he's not he's not free to go there there is a provision in the statute that provides for civil commitment yes your honor that that's that's what i was just about to say that there is a provision in the statute that that he he would be free to go but the state can ask to have him civilly committed under um the the i believe department of i forget the exact department mental health and disabilities yes your honor thank you um but there is a provision for that so that is what would have happened i assume most likely had he been found not guilty by reason of insanity and at that point the the main difference is that he would not have been subject to um a future criminal trial i see that my time is concluded thank you thank you for your argument you will have rebuttal mr mansion it pleases court counsel in this case the standard of review is to take the evidence of light most favorable to the state and to draw all reasonable inferences in favor of the state in the defendant consistently argues that because he said i don't believe your but the trial court was not required to believe his claim i don't think you're a cop he could instead rely on the defendant statements oh you're oh brockford let's go to the station so that he did in fact know that he was dealing with the police and that he was simply not wanting to cooperate or deal with the police the court was not required to uh believe that the defendant was uh out of touch with reality or that he could not conform because the defendant showed that he could conform at times in his statements he uh at the end of the whole thing he apologizes to the police his statement that he uh and the way he walks away from the police shows that he knows what's going on so that this argument that he simply did not know that he was dealing with the police the trial court was simply not required to believe that you have four police officers there with four squad cars the flashing lights on four cars three of the officers are in uniform any reasonable person in the world is going to know he's dealing with a police officer and when four police officers are holding you to the ground trying to put uh handcuffs on you any reasonable person in the world will know you're being put under arrest defendant has stressed that defendant may not have known he was being arrested for trespass so what there is no requirement that the defendant or the defendant has cited no cases holding that the defendant has to know the exact offense for which he was being arrested he could be being arrested wrongfully or rightfully for obstructing the police for false for giving false uh uh giving a false name or being arrested simply for walking in traffic but please testify counsel that they were doing an investigation um the investigation of this trespass complaint and did not intend to place the defendant under arrest they did not intend to place the defendant under arrest at first but the trial court did determine that the police in fact had probable cause to arrest the defendant for trespass uh the defendant points the fact that he was ultimately not charged again that is not the issue whether or not he could have been convicted of trespass again is not the issue for probable cause is just reason to believe and with the statements given by the uh individual at the american legion the videotape of the defendant that they viewed uh there was plenty of evidence for the police to reasonably believe that the defendant was guilty of uh trespass and to have made an arrest for that offense so this was an authorized act on the part of the police because as the trial court found there was probable cause to arrest for trespass a setting aside the probable cause there is an authorized act here under in the community caretaking standard you have a person who is walking in traffic they have the obligation to try to detain him to prevent him from hurting himself or hurting somebody else well but counsel how can the police be wearing two hats at the same time i mean isn't community caretaking uh function very inconsistent with what we have here in the record especially officer farmer's testimony that the purpose of tackling ballard was to take him into custody as i mean well i'm just i'm just saying that assuming the defendant is right that the police were not making an arrest that they would have been acting properly in the caretaking function my my that's an alternative argument my main argument is that yes they were making an arrest and yes they had probable cause to make an arrest and the trial court expressly found yes you have probable cause to make an arrest and given the scenario at the scene with three officers in uniform four police cars with lights flashing and the defendant flailing around at the police officer the trial court's determination that the defendant was guilty of resisting the police was proper and should be affirmed by this defendant actions showed he knew he was dealing with the police his statement that he uh let's go to the station his apology showed he knew he was dealing with the police any reasonable person being tackled to the ground by four police officers would know you're being arrested even if you're not told you are under arrest mr manchin i have a question opposing counsel has argued that um her client could have legally resisted an unauthorized terry stop do you agree with that there is she cites one case in her uh brief that holds that i'm not too sure about the uh reasoning of that decision at in the circumstances of it i think in the circumstances here i think um the officer did have the right and the obligation to investigate the thing and when the when the defendant has stopped uh this will be similar to a case of flight in in a sense where the police have the reason have the right to stop the person and they don't have probable cause to the moment they they stop him but they he the defendant takes off running the flight it can be uh factored in as far as far as supporting probable cause but i think that here my question related to a terry stop i don't think that there should be a distinction between uh a terry stop and the arrest as far as the ability to uh resist the defendant cites one case where they held that i in a short time i had this case i was not able to find any other cases addressing that issue and i don't think that there should be a distinction because the line between what is a terry stop and what is an arrest can sometimes be quite vague or very well a terrorist stop requires reasonable suspicion right yes whereas an arrest requires probable cause correct okay but as far as the resisting or physically resisting the police officers i don't think it should make a difference whether the uh uh that even a you can't fight an officer if the officer is making a terry stop you can't punch the officer in the nose because the officer shouldn't be making a terry stop uh regardless of uh the holding of that one case i think that the the terry stop is an authorized act just as an arrest is an authorized act the fact that the stop may later be determined or the arrest is later determined to be invalid should not matter as far as what happens at the scene and whether or not the uh person can resist the police or fight with the police and i think that the uh circumstances of this particular case are such that the even if this even the walk the uh even if it was just a cherry stop the resistance would be sufficient because the police were act engaged in an authorized act from the moment they first contacted him from the moment they told him to stop from the time they and at the time they took him down and handcuffed him there was an authorized act there that the defendant simply could not resist and when he in fact resisted and anybody in his decision would know he's dealing with the police and the court was not required to believe the defendant's statement i don't think he's the police court wasn't required to believe that trial court would say that the defendant was just being a smart aleck or a jerk and that uh he what he in fact knew what he was doing and was able to act knowingly how does the defendant's um diagnosed mental illness and fact that he um had delusions affect his ability to act knowingly at the time uh we really don't know that because the record doesn't show whether he was whether his delusions were true or whether he was faking those illusions for the purposes of the examination and uh dealing with the police um we also know that he's able to and a moment of lucidity uh would be sufficient as far as you know the being lucid at the moment of the crime even if he's not lucid the rest of the time would be enough because he's he's shown he's he's lucid because he does eventually leave the uh american legion he comes back and is told again and then leaves again so he is able to act knowingly and does know what's going on and his fanciful claim that he doesn't believe that the police league trial court simply was not required to believe that as far as uh the ineffective assistance of counsel this is not a case where prejudice can be presumed uh the this is not a all there was active representation on the part of the trial counselor the you could substitute his closing argument for the defendant's brief as far as the reasonable doubt argument and it's virtually identical he raises the same argument that the defendant does here that he the defendant did not act knowingly that the police did not have reason to arrest him that he did not knowingly resist that there was no arrest so that that he presented a reasonable professional job in presenting one theory of the case in fact a different attorney might have reached uh followed a different theory of going through insanity doesn't establish that he was the representation was deficient nor can we find prejudice here the defendant assumes or presume presumes that the defendant would have been found insane that assumption is not based on anything the uh doctor's report on fitness has has indications that could go either way as far as does the he was acting uh know know the criminality of his actions uh his statement his apology to the police on the day to the question and question and his statement oh rockford let's go to the station shows that he's aware so the speculation that he would have been one found insane or two not guilty by reason of sanity is just a matter of supposition on the part of the defendant we plus we don't they claim that this was not a matter of uh strategy is not supported by the record the uh what counsel did or did not do is of record and his argument that you can argue that the defendant did not act knowingly without raising an insanity defense and raise the whole claim that he's not acting uh knowingly without saying he's insane and that is in fact what the trial counsel did the fact that he focused on other elements in his argument rather than or the defendant was somehow prejudiced if there are no further questions to the court i don't see any questions thank you is there any rebuttal yeah thank you your honor mr ballard could not knowingly obstruct an arrest that he did not know was happening he had to know he was being arrested in order to obstruct that in people he borders uh the defendant could not be convicted of resisting because he did not know he was being arrested until after the arrest it occurred the same thing happened here as to uh the question of mr mansion about flight alone flight alone cannot support probable cause for a stop when an officer approaches without reasonable suspicion or probable cause an individual has the right to ignore that and go about his business refusal to cooperate without more does not furnish the minimum level of objective justification needed for a detention or seizure and people they ship addresses section 7-7 being limited to circumstances involving an unlawful arrest there the court found that a person who runs away from an unlawful terry stop is not resisting or obstructing an authorized act of the police officer here officer amador and officer farmer said they were just investigating that's a terry stop and because they had no basis to believe that a trespassing offense had occurred they didn't have a basis to be conducting that stop and mr ballard was lawfully able to resist that but they argued that officer farmer was authorized to take mr ballard into custody because he was acting in this community caretaking capacity but the indictment in this case alleged that the authorized act that mr ballard obstructed was officer farmer's arrest of himself and as justice dunoff said officer farmer testified that he grabbed mr ballard to to traffic so we know officer farmer was not exclusively acting in his community caretaking role an officer must be performing some function other than investigation of a crime to be acting in his community caretaking capacity because officer farmer was at least in part investigating a crime he could not be acting as community caretaking capacity and even if he was only acting as community caretaking that was not performing an arrest and mr ballard could not have obstructed his own arrest as it was charged if he was in fact not being arrested counsel if i can take you back in your first point you relied on and talked about people versus borders a second district case but that case is really distinguishable from the case we have here is it not in there was just a very very short period of time that there was an encounter with police a matter of seconds or minutes that's different than the length of time we have here with a different number of officers so i'm i'm not sure how you feel borders supports your position yeah i think the main point that we take from borders is that the defendant needed to know that he was being arrested and while the facts are different there weren't the same concerns about mental health and ability to appreciate what was happening in borders that we have here and i think that that impacts how time affects what was happening and in borders part of the issue was how quickly things escalated the officers trying to take that defendant into custody here things were different as your honor said we agree with that but with mr ballard's inability to understand the fact that he also was not told he was being taken or being placed under arrest and the fact that he was confused about who these people were that were coming at him i think when things changed is when the four officers are coming at him while he's in the street and then he's suddenly taken down i think that that changed the dynamic of what was happening and i think that happened very very quickly and that is comparable to what happened in borders again no one told mr ballard he was being arrested and he did not have reason to think he committed a trespassing offense because he did leave that parking lot after being asked and he did not return to it um so for those reasons we are asking this court to vacate the finding of not not guilty at the conclusion of the discharge hearing or in the i apologize or in the alternative to remand the matter for a new discharge hearing with the assistance of new counsel thank you okay thanks to both of you for your arguments uh the case is submitted and the court will stand in recess until one o'clock this afternoon